July 14, 2008

*accept for filing*
*Judge Walton*
*7/15/08*

**Sent Via FAX & USPS Delivery Confirmation #0307 3330 0000 8224 3080**

Judge Reggie B. Walton
United States District Court
for the District of Columbia
E. Barrett Prettyman United States
Courthouse
333 Constitution Ave, N.W.
Washington, D.C. 20001

Dear Judge Walton,

This is in response to your order dated July 1, 2008 regarding Civil Action No. 08-1067 Pugh v Feaster. I have no intention nor did I have any intention of pursuing a case against Geraldine Feaster in a federal court.
This case is not a federal issue and this case was removed from the Superior Court of the District of Columbia without my prior knowledge.

Judge, I believe that I am involved in a court case scam. I have no intention of exhausting time, energy and finances pursuing a Geraldine Feaster "run amok" scam. The defendant (Geraldine Feaster) did not acknowledge my original complaint nor did she respond to the Superior Court until she received a notice of Default Judgment that was sent on June 12, 2008. Then on June 20, 2008 the defendant and/or her attorneys had the case removed from the Superior Court without my prior knowledge.

I request that you remand this case back to the Superior Court of the District of Columbia for the following reasons:

1. I received written notice on June 26, 2008 from the United States District Court that Civil Action, Case Number 2008 CA 003404 B Pugh v Feaster was removed from the Superior Court of the District of Columbia. This occurred after the defendant had the case removed on June 20, 2008.

2. Removing civil action from Superior Court was inappropriate. This is not an action against the federal government. Additionally, I have never discussed this action with any federal attorney.

3. Defendant, Geraldine A. Feaster was named as the sole defendant in a civil action in the Superior Court of the District of Columbia, Civil Division.

4. I filed a civil action against Geraldine Feaster seeking damages in the sum of $300,000 (three-hundred thousand dollars) due to the infliction of emotion and physical distress as well as slander, libel and defamation of character that I experienced by Defendant, Geraldine A. Feaster.

5. I received Defendant's (Geraldine A. Feaster) request immunity and removal of a civil action per the Westfall Act on June 24, 2008; however, this was done after the fact since this case was removed from Superior Court on June 20, 2008.

6. I submitted Notice of Opposition to Defendant's request for Removal of Civil Action on June 26, 2008; however, the case had been removed from the Superior Court before I had been notified and given a chance to respond.

7. Defendant's Westfall certification is inadequate.

8. The Westfall Act Does Not Apply in this action because the Defendant Did Not Act Within her Scope of Employment.

9. Defendant's actions (infliction of emotion distress, slander, libel and defamation of character) against me were the Defendant's own individual, intentional, egregious actions.

10. The Westfall Act Does Not Cover Intentional, Egregious Torts.

11. The Westfall Act Does Not Cover Egregious Misconduct.

12. The U.S. government cannot be substituted for an individual government employee defendant in an action "which is brought for a violation of the Constitution of the United States," or which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. 2679(b)(2).

13. Defendant, Geraldine A. Feaster therefore should be solely and personally accountable for these violations.

14. I request that you remand this case back to the Superior Court so that Geraldine Feaster is personally, individually and solely held legally and financially accountable for her misconduct.

Respectfully submitted,

*Kimberly R. Pugh*

Kimberly R. Pugh, Ph.D., R.N.