**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
KIMBERLY R. PUGH,                       )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Civil Action No. 08-1067  (RBW)
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Defendant.                      )
_____)

**ORDER**

      Kimberly R. Pugh, the plaintiff in this civil lawsuit representing herself pro se, filed a complaint in the Superior Court of the District of Columbia (the "Superior Court") seeking $300,000 in damages for alleged "slander, li[bel, and] defamation of character" committed by Geraldine Feaster, her former superior.  Complaint at 1.[1]  On June 20, 2008, Rudolph Contreras, the Chief of the Civil Division of the United States Attorney for the District of Columbia, filed a certification that Feaster "was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents."  Certification at 1.[2]  The United States filed a notice of removal of the case to this Court that same day pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (2000), more commonly known as the "Westfall Act," and 28 C.F.R. § 15.4.  Notice of Removal of a Civil Action at 1; see also 28 U.S.C. § 2679(d)(2) (providing that "[u]pon certification by the Attorney General

---

[1] The plaintiff's complaint is attached as an unmarked exhibit to the defendant's notice of removal as required by 28 U.S.C. § 1446(a).

[2] Contreras's certification is an unmarked exhibit to the defendant's notice of removal.

that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," a civil action in state court arising out of that claim "shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending"), 28 C.F.R. § 15.4(a) (authorizing "any Director of the Torts Branch, Civil Division, Department of Justice, . . . to make the statutory certification" set forth in § 2679).  Thus, the plaintiff's case is now pending before this Court.

On July 1, 2008, the Court entered an order (the "July 1 Order") directing the plaintiff to file a statement with the Court on or before July 30, 2008, "indicating whether she seeks pro bono assistance and, if so, [to] file separately an application to proceed in forma pauperis." July 1 Order at 1.[3]  In response,[4] the plaintiff has submitted an untitled document (the "Pl.'s Response") in which she asserts that "[t]he Westfall Act [d]oes [n]ot [a]pply in this action because the [d]efendant [d]id [n]ot [a]ct [w]ithin her [s]cope of [e]mployment," Pl.'s Response ¶ 8, but rather that the actions that allegedly occurred "were the [d]efendant's own individual, intentional, [and] egregious actions," id. ¶ 9.  She therefore "request[s] that [the Court] remand this case back to the Superior Court so that Geraldine Feaster is personally, individually[,] and solely held legally and financially accountable for her misconduct."  Id. ¶ 14.

"[C]ertification that a federal employee was acting within the scope of his employment . . . does not conclusively establish as correct the substitution of the United States as

---

[3]  The Court also extended the deadline for the United States to file its answer or responsive motion to the plaintiff's complaint to September 28, 2008.  July 1 Order at 1.  This action rendered moot an earlier motion for an extension of time filed by the defendant that is still pending before this Court, and the Court will deny that motion as a consequence.

[4]  The plaintiff submitted her response by facsimile to the Chambers of the undersigned member of the Court.  This Court's local rules require that "[a]ll papers relating to a pending action shall be filed with the Clerk [of the Court] unless otherwise directed by the Court."  Local Civ. R. 5.1(a).  Consequently, the Court will disregard any future submissions by the plaintiff that are not filed with the Clerk of the Court in the first instance.

defendant in place of the employee." Guiterrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995). In Kimbro v. Velten, 30 F.3d 1501 (D.C. Cir. 1994), the District of Columbia Circuit set forth a procedure for ascertaining whether the substitution of the United States as a defendant pursuant to § 2679(d)(2) should be reversed and the original defendant reinstated. Under the approach adopted by the court in that case, the certification described in § 2679 is "entitled to 'prima facie' effect, . . . which obliges the plaintiff to come forward after reasonable discovery with evidence supporting his allegations both as to scope and as to the merits." Id. (quoting Melo, 13 F.3d at 747). "If there is a material dispute as to the scope issue the district court must resolve it at an evidentiary hearing." Id.; see also Stokes v. Cross, 327 F.3d 1210, 1214 (D.C. Cir. 2003) ("reiterat[ing] the Kimbro approach" in its entirety).

However, even if the Court were to reinstate Feaster as the defendant in this case as the plaintiff desires, it could not remand the case to the Superior Court. Section 2679(d)(2) explicitly states that the certification by the Attorney General (or, as in this case, his representative) is "conclusiv[e] . . . for purposes of removal." "[O]nce certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." Osborn v. Haley, 549 U.S. 225, ___, 127 S. Ct. 881, 889 (2007).

The plaintiff therefore may pursue one of three options. First, she may choose to prosecute her case against the United States in this Court despite her personal preference to the contrary. Second, she may file a motion to reinstate Feaster as the defendant in this case and prosecute her claim here. Third, she may file a notice of voluntary dismissal of her case without prejudice prior to the filing of an answer by the defendant or file a stipulation of dismissal with the consent of the defendant. Fed. R. Civ. P. 41(a)(1)(A). But there are no circumstances that

will permit the plaintiff to prosecute this case before the Superior Court pursuant to § 2679(d)(2) and the Supreme Court's ruling in Osborn.

The Court recognizes that the plaintiff, who is proceeding pro se,[5] may require additional time to decide which of the three options set forth above she wishes to follow. The Court will therefore wait until the deadline for the defendant to file its answer or responsive motion (September 28, 2008) has passed before it takes further action in this case. If the plaintiff decides that she does not wish to pursue this matter in federal court against either the defendant or Feaster, she may file a notice of voluntary dismissal prior to that time and the Court will dismiss her complaint without prejudice and close this case. If she decides to attempt to reinstate Feaster as the defendant in this case—understanding that the case will go forward in this Court, not the Superior Court—she may file a written request with the Court to that effect and the Court will direct the defendant to file its opposition, if any, at that time. If the plaintiff does nothing, the Court will assume that she wishes to prosecute her case against the defendant and, depending on whether the defendant files a motion to dismiss or an answer to the plaintiff's complaint, will either direct the plaintiff to file an opposition to the defendant's motion by a date certain or will direct the Clerk of the Court to enter an order setting an initial scheduling conference in this case.

Finally, the defendant has filed a separate motion to correct the caption of this case to reflect the substitution of the United States as the defendant in the case. For the reasons set forth above, there is good cause to grant this request, and the motion is unopposed in any event. The Court will therefore grant the motion without further delay.

Accordingly, it is

---

[5] As the Court noted above, one of the purposes of its July 1 Order was to ascertain whether the plaintiff desires (and is eligible for) pro bono assistance. The plaintiff's response is silent on that score. Nevertheless, the plaintiff may file a supplemental response addressing this issue at any time prior to the deadline set forth in the Court's July 1 Order; i.e., July 30, 2008, and the Court encourages her to do so.

**ORDERED** that the plaintiff shall file her motion to reinstate Geraldine A. Feaster as the defendant in this civil lawsuit, if any she intends to file, on or before September 28, 2008.  It is further

**ORDERED** that the defendant's motion for an extension of time in which to file its answer or responsive motion to the plaintiff's complaint is **DENIED** as moot.  It is further

**ORDERED** that the defendant's motion to correct the caption of this case is **GRANTED**.  It is further

**ORDERED** that the Clerk of the Court shall correct the caption of this case to reflect the substitution of the United States of America as the sole defendant in this case.

**SO ORDERED** this 17th day of July, 2008.

    REGGIE B. WALTON
    United States District Judge